Mr. Justice Clayton
delivered the opinion of the court.
This was an action against the makers and indorsers of a note, which was payable at the branch of the Union Bank of Louisiana, at Covington, in that state. Upon the trial, the plaintiff offered in evidence to the jury, a copy of the notarial protest, and certificate of notices, purporting to have been made by a notary in Louisina, verified by bis affidavit, taken without notice. The reading of these was objected to, by the defendants, but the court permitted them to be read. To this a bill of exceptions was filed, there was a verdict and judgment for the plaintiff, and writ of error to this court.
We know of no principle of law, which justified the admission of this testimony. If it had been a foreign bill of exchange, then the .protest of the notary would have been evidence. 2 Peters, 179. But this is not so, in regard to any other instrument. Our statute, H. &> H. 609, sec. 33, relates exclusively to the acts of notaries of this state. Although a part of the statute might favor a different construction, yet upon the whole, taken together, there can be no doubt that this is its true meaning. The certificate of the notary was not, of itself, evidence, nor did his ex parte affidavit render it so. The only competent evidence would have been his deposition, taken according to law, or a viva voce examination, in open court.
The judgment thus founded, upon improper evidence, must *41 be reversed, arid a new trial'granted: We cannot concur in opinion with the counsel, that the bill of exceptions does not raise the point in the cause. Its language is by no means technical and exact, yet we think it does present this question for our consideration, and that we cannot pass it over.